FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
5/3/2022 11:55 AM
JAMIE SMITH
DISTRICT CLERK
A-209754

CAUSE NO. _____

| | | |
|---|---|---|
| **ANGELA MATTHEWS** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **JEFFERSON COUNTY, TEXAS** |
| | § | |
| **WAL-MART STORES TEXAS, LLC** | § | |
| | § | |
| *Defendant.* | § | **\_\_\_\_\_ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND FIRST SET OF DISCOVERY

Plaintiff Angela Matthews complains of Defendant Wal-Mart Stores Texas, LLC (hereinafter, "Defendant"), and would respectfully show the Court that:

### Discovery Control Plan

1.      Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

### Jurisdiction and Venue

2.      The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

### Statement Regarding Monetary Relief Sought

3.      Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief of no more than $250,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees and judgment for all other relief to which Plaintiff is justly entitled. Plaintiff further pleads that the amount in controversy in this matter does not exceed $75,000.00.

Exhibit A

**Parties**

4.      Plaintiff is an individual residing in Jefferson County, Texas.

5.      Defendant Wal-Mart Stores Texas, LLC (hereinafter "Defendant"), is a Texas entity engaged in business in Jefferson County, Texas. Defendant may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

**Facts**

6.      This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about March 3, 2022. At that time, Plaintiff was an invitee at Defendant's store at 4145 Dowlen Rd Beaumont, Texas 77706.  Plaintiff was walking in the Defendant's store when she slipped and fell on an object on the floor. The slip and fall caused the Plaintiff to suffer severe injuries to multiple parts of her body. There were no warning signs present or any other signs of caution near the area where the incident occurred. Plaintiff was not aware of the dangerous and defective condition.

7.      At the time of the incident in question, Plaintiff was an invitee of the Defendant. Defendant knew or should have known of the unreasonably dangerous condition and neither corrected nor warned Plaintiff of it. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant either created the condition and/or failed to correct the condition or to warn Plaintiff about the dangerous condition, which constituted negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

8.      Plaintiff would show that, based on the above-described facts, Defendant was negligent. Defendant, as occupier and owner of the premises, with control over the premises, had a duty to inform Plaintiff of the dangerous condition and make safe the defective condition existing on Defendant's premises.

Exhibit A

9.      Defendant is liable to Plaintiff under the theory of premises liability and negligence based

on the following negligent conduct:

      a.  Failure to maintain the premises, including floor and walkways, in a reasonably safe condition;

      b.  Failure to inspect the premises where the dangerous condition existed;

      c.  Failure to correct the condition by taking reasonable measure to safeguard persons who entered the premises;

      d.  Failure to inform Plaintiff of the dangerous condition existing on the premises; and

      e.  Other acts deemed negligent.

10.     Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any

combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

11.     Defendant was also negligent in that it failed to act as a reasonably prudent premise owner

would act in the same or similar situation.

### Damages

12.     As a result of these acts or omissions, Plaintiff sustained damages recognizable by law.

13.     By virtue of the actions and conduct of Defendant as set forth above, Plaintiff was seriously

injured and is entitled to recover the following damages:

      a.  Past and future medical expenses;

      b.  Past and future pain, suffering and mental anguish;

      c.  Past and future physical impairment;

      d.  Past and future physical disfigurement; and

      e.  Past lost wages and future loss of earning capacity.

14.     By reason of the above, Plaintiff is entitled to recover damages from Defendant in an

amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest.

Exhibit A

## Jury Demand

15.     Plaintiff hereby demands a jury trial.

## Duty to Disclose

16.     Pursuant to 194, Tex. R. Civ. P. exempted by Rule 194.2(d), Defendant must, without awaiting a discovery request, provide to Plaintiff the information or material described in Rule 194.2, Rule 194.3, and Rule 194.4.

## Initial Disclosures

17.     Pursuant to Rule 194, Tex. R. Civ. P., Defendant must, without awaiting a discovery request, provide information or materials described in Texas Rule of Civil Procedure 194.2 in Defendant's initial disclosure at or within 30 days after the filing of the first answer. Copies of documents and other tangible things must be served with Defendant's response.

## Rule 193.7 Notice

18.     Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

## Prayer

Plaintiff prays that this citation issues and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appears and answers, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre- and post-judgment interest, all costs of Court, and all such other and further relief, to which he may be justly entitled.

Exhibit A

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ Jonathan Webster*
**Jonathan Webster**
Texas State Bar No. 24102636
440 Louisiana Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 322-4878
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com

**ATTORNEY FOR PLAINTIFF**

Exhibit A

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Erica Mathis on behalf of John Daspit
Bar No. 24048906
emathis@daspitlaw.com
Envelope ID: 64133340
Status as of 5/3/2022 12:03 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Alma Lira | | Alira@proactivelegal.com | 5/3/2022 11:55:24 AM | SENT |
| Jaime Holder | | jholder@proactivelegal.com | 5/3/2022 11:55:24 AM | SENT |
| John Daspit | | e-service@daspitlaw.com | 5/3/2022 11:55:24 AM | SENT |
| Erica Mathis | | emathis@daspitlaw.com | 5/3/2022 11:55:24 AM | SENT |
| Jonathan Webster | | webster@daspitlaw.com | 5/3/2022 11:55:24 AM | SENT |
| Daspit Proactive Legal | | daspit@proactivelegal.com | 5/3/2022 11:55:24 AM | SENT |

Exhibit A